UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD SALAS SANCHEZ, | Case No. 1:26-cv-0549-DAD-JDP |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| POLLY KAISER, *et al.*, | |
| Respondents. | |

Petitioner Trinidad Salas Sanchez, a noncitizen, was arrested and re-detained by ICE. He petitions for a writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release on the basis that ICE failed to comply with its own regulations in re-detaining him. Respondents move to dismiss the petition. For the reasons outlined below, I recommend that respondents' motion be denied, the petition be granted, and the court orders respondents to immediately release petitioner.

**Background**

Petitioner is a citizen of Mexico. ECF No. 1 ⁋ 20. He entered the United States on or about May 15, 2024, and has an application for asylum pending. *Id.* ⁋ 6. On January 3, 2026, ICE arrested petitioner at his scheduled check-in. *Id.* On January 15, 2026, petitioner attended a master calendar hearing, during which the immigration judge stated that she lacked jurisdiction over issuing a bond. *Id.* ⁋ 21. Petitioner has been detained ever since.

1

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner argues that his detention is unlawful because respondents failed to follow INA regulations when they re-detained him. ECF No. 1 at 7. Petitioner argues that he is a "Bond Eligible Class" member as announced in *Maldonado Bautista v. Noem*, No. 5:25-cv-1873, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) and is thus eligible for immediate release or, in the alternative, a bond hearing. In essence, petitioner claims that respondents lack statutory authority to detain him without a bond hearing. *J.S. v. Wofford*, No. 1:25-cv-2016 DC-SCR, 2026 WL 125258, at *5 (E.D. Cal. Jan. 16, 2026), *report and recommendation adopted*, No. 1:25-cv-2016 DC-SCR (HC), 2026 WL 297304 (E.D. Cal. Feb. 4, 2026) ("While petitioner frames this claim in reference to *Maldonado Bautista* [] when reduced to its simplest form, this is simply a claim that Respondents lack statutory authority to detain petitioner without a bond hearing.").

Respondents counter that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(a) and that he was re-detained under 8 U.S.C. § 1225(b)(2)(A).[1] ECF No. 10 at 2. The government further argues that this court is not bound by the judgment in *Maldonado Bautista*. *Id.* As an alternative to denying the petition, respondents ask that any further briefing

___

[1] Respondents submit no transcripts or other documents relevant to the determination of the issues presented in the petition.

deadlines be held in abeyance until the resolution of *Rodriguez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025), Ninth Circuit Docket No. 25-6842; and *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025), Ninth Circuit Docket No. 25-6533, which they argue involve issues that are likely to be dispositive here.[2]  ECF No. 10 at 3.

This court, and other courts throughout this Circuit, have repeatedly rejected the government's argument that 8 U.S.C. § 1225, rather than § 1226(a), applies broadly to all non-citizens.[3]  The court's position on this statutory issue is settled: petitioner's detention is governed by 8 U.S.C. § 1226(a).  After arresting a noncitizen, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole."  8 U.S.C. § 1226(a)(1)-(2).  If a noncitizen wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge.  8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).  Petitioner has not been afforded that right.

Accordingly, I recommend that the court find petitioner's detention without a bond hearing to be in violation of the INA.  *See R.C.C. v. Kristi Noem*, No. 1:26-cv-0373-TLN-EFB, 2026 WL 369796, at *2 (E.D. Cal. Feb. 10, 2026) (finding that the respondents violated the petitioner's statutory rights under the INA when they re-detained the petitioner without providing for the process required by the INA.)  ICE, like all government agencies, is required to follow its own regulations.  *See United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *see also United States v. Ramos*, 623 F.3d 672, 683 (9th Cir. 2010) ("It is a well-known maxim that agencies must comply with their own regulations.").  Because respondents re-detained petitioner in violation of its regulations, I recommend that petitioner be entitled to habeas relief.  *See Asfestani v. Current or Acting Field Off.*, No. 1:25-cv-1562-SCR, 2025 WL 3677321, at *6 (E.D.

---

[2] While the decisions in *Rodriguez Vasquez* and *Carballo* may turn out to be relevant, a somewhat unsettled legal landscape does not justify such a lengthy delay in adjudicating this case, especially when the matter has been fully briefed.  Respondents request to stay is denied.

[3] *See Dominguez v. Noem*, No. 1:25-cv-1577-JDP, 2025 WL 3268507 (E.D. Cal. Nov. 24, 2025); *Gutierrez v. Chesnut*, No. 1:25-cv-1515-DAD-AC (HC), 2025 WL 3514495, at *5 (E.D. Cal. Dec. 8, 2025); *Garcia v. Noem*, No. 5:25-cv-2771-ODW-PD, 2025 WL 2986672, at *4 (C.D. Cal. Oct. 22, 2025).

Cal. Dec. 18, 2025) ("In keeping with the principle, numerous courts have granted habeas relief for ICE's failure to comply with post-order detention regulations.") (collecting cases).

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondents' motion to dismiss, ECF No. 10, be DENIED.

3. Respondents be ordered to immediately release petitioner from their custody under conditions no stricter than those to which he was subject to prior to his January 3, 2026 detention.

4. Respondents be enjoined and restrained from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing. This order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

5. The Clerk of the Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4